UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH S. JEBAILEY and WOODFIRE RESTAURANT, LLC,

Plaintiffs,

v. Case No: 6:15-cv-1812-Orl-28GJK

WESTERN SIZZLIN FRANCHISE CORPORATION,

Defendant.

---

# ORDER

This action arising from a failed restaurant franchise is before the Court on the Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or Alternatively to Strike Amended Complaint for Failure to Comply with Local Rule 3.01 (Doc. 45) filed by Defendant, Western Sizzlin Franchise Corporation. Plaintiffs, Joseph Jebailey and Woodfire Restaurant, LLC have responded to the motion. (Doc. 53). As set forth below, the motion is granted in part and denied in part.

## I. Background[1]

On July 26, 2011, Western Sizzlin entered into a franchise agreement with Prime Choice Restaurants, LLC. (Am. Compl., Doc. 37, ¶ 7; Franchise Agreement, Ex. A to Am. Compl.). At that time, Prime Choice had two members—Caras, LLC, which was in turn owned by Amjad Maali, and Woodfire, which was in turn owned by Byblos Development,

---

[1] The facts in the Background section are taken from the allegations in the Amended Complaint (Doc. 37) and from the documents attached to the Amended Complaint. The Court makes no findings as to the veracity of Plaintiffs' allegations at this stage of the case.

Inc.; Caras and Byblos "each owned 50% of the membership interests in" Prime Choice. (Am. Compl. ¶ 10).[2] Plaintiff Jebailey managed Byblos but did not have any "personal ownership interest" in either Byblos or Woodfire. (Id. ¶¶ 11–12). Maali managed Prime Choice and handled all of its operations, (id. ¶ 18), and he signed the franchise agreement on Prime Choice's behalf. (Id. ¶ 8; Franchise Agreement at 46). Additionally, Maali and his wife, Cynthia, executed personal guarantees of the Franchise Agreement. (Am. Compl. ¶ 9; Personal Guaranty, Ex. B to Am. Compl.).

Prime Choice's franchised restaurant opened in Orlando, Florida, in December 2012. (Id. ¶ 16). Approximately one year later, Woodfire took over operation of the restaurant after Maali informed Woodfire and Jebailey that he was not able to successfully manage the restaurant because he was not receiving sufficient support from Western Sizzlin. (Id. ¶¶ 19–20). Woodfire then took over the operations of the restaurant. (Id. ¶ 21).

On December 12, 2013, Caras—the company owned by Maali—assigned to Woodfire—the company owned by Byblos—its 50% membership interest in Prime Choice. (Id. ¶ 22). Jebailey signed the assignment agreement as manager of Woodfire. (Id. ¶ 23; Assignment & Option to Re-Purchase Membership Interest Agreement, Ex. E to Am. Compl., at 2). Western Sizzlin was told of the "change in management" and asked Jebailey to sign a personal guaranty of the franchise agreement, but Jebailey refused. (Am. Compl. ¶¶ 24–26).

---

[2] Plaintiffs describe Prime Choice in this manner in the Amended Complaint. (Am. Compl. ¶ 10). However, an attachment to the franchise agreement lists Amjad Maali as Prime Choice's "manager/member" and 100% owner and does not mention Caras, Woodfire, or Byblos. (Ex. D to Franchise Agreement, Doc. 38-1 at 52–53).

Ultimately, in October 2014 Prime Choice closed the restaurant and went out of business. (Am. Compl. ¶ 28). Relying on an arbitration agreement contained in the July 2011 franchise agreement, on November 13, 2014, Western Sizzlin made a Demand for Arbitration before the American Arbitration Association ("AAA"), asserting claims against Prime Choice, Woodfire, Jebailey, and the Maalis. (Id. ¶ 29; Demand for Arbitration, Ex. F to Am. Compl.). Western Sizzlin sought damages of approximately $1 million, and venue for the arbitration was set in Roanoke, Virginia, as provided for in the arbitration agreement. (Am. Compl. ¶¶ 30–31; Franchise Agreement at 43). Woodfire and Jebailey objected in writing to the jurisdiction of AAA—arguing that neither of them had ever agreed to submit to arbitration—and moved to strike the Demand for Arbitration. (Id. ¶ 33; Ex. G to Am. Compl.). In March 2015, the arbitrator entered an order preliminarily finding that AAA had jurisdiction over the claims against Jebailey and Woodfire. (Am. Compl. ¶ 34; Ex. H to Am. Compl.).

With arbitration scheduled to occur on October 28, 29, and 30, 2015, in Roanoke, Woodfire and Jebailey filed a declaratory judgment action on October 22, 2015, in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida. (Am. Compl. ¶¶ 35 & 38; see also Compl., Doc. 2). Woodfire and Jebailey asked the state court "to enter declaratory relief determining that [they] are not subject to the arbitration provisions in the Franchise Agreement and that [they] are not required to participate in the arbitration." (Compl., Doc. 2, at 7). The Complaint did not seek to stay the arbitration hearing. (See Compl.; Am. Compl. ¶ 39 (stating that "[s]tay relief was not sought as to the arbitration hearing because there was no dispute that . . . Prime Choice . . . and the [Maalis] were required to participate in the arbitration and there was no reason for the hearing not to go

forward as to the claims against them.")). Four days later, on October 26, 2015, Western Sizzlin removed the case to this Court based on diversity of citizenship. (Notice of Removal, Doc. 1).

On October 27, 2015, Jebailey asked the arbitrator to continue the arbitration so that there could be a court determination as to jurisdiction, but the arbitrator refused to continue the arbitration hearing. (Am. Compl. ¶¶ 40–42). That same day, Western Sizzlin withdrew its claims against Prime Choice and elected to proceed only against Jebailey, Woodfire, and the Maalis. (Id. ¶ 40). Counsel for Jebailey and Woodfire "attended the hearing to observe the proceedings and for the limited purpose of getting some testimony on the record regarding the issue of jurisdiction." (Am. Compl. ¶ 43). On February 16, 2016, the arbitrator issued a 54-page ruling finding against Jebailey, Woodfire, and the Maalis. (Am. Compl. ¶ 45; Ex. I to Am. Compl.). The arbitration award requires Jebailey and Woodfire to pay a total of $660,792.78 to Western Sizzlin[3]; this sum includes $198,037.65 in attorneys' fees. (Am. Compl. ¶ 46; Award of Arbitrator, Ex. I to Am. Compl., at 53).[4]

In April 2016, Jebailey and Woodfire filed an unopposed motion in this Court for leave to amend the Complaint to challenge and vacate the February 2016 arbitration award. (Doc. 23). Noting that Western Sizzlin did not object, this Court granted that motion, (Order, Doc. 24), and Jebailey and Woodfire filed their Amended Complaint on

[3] The Amended Complaint states that the award requires Jebailey and Woodfire to pay Prime Choice this sum, (Am. Compl. ¶ 46), but this appears to be a clerical error. The award is in favor of the "Claimant"—Western Sizzlin—not Prime Choice.

[4] The award also requires the Maalis to pay Western Sizzlin $168,471.83 "to the extent only that this amount remains unpaid by" Jebailey and Woodfire. (Award of Arbitrator, Ex. I to Am. Compl., at 53).

May 13, 2016, (Doc. 37). In the Amended Complaint, Jebailey and Woodfire state, as they did in their initial Complaint, that "[t]his is an action for declaratory relief," (Doc. 37 ¶1), but the Amended Complaint contains a single count seeking to vacate the arbitration award under Florida law, (id. at 8–12). Western Sizzlin's motion to dismiss or to strike (Doc. 45) is now before the Court.

## II. Discussion

In its motion, Western Sizzlin raises several arguments. First, it asserts that the Amended Complaint should be dismissed for failure to state a claim for which relief can be granted because the Florida Arbitration Code—cited by Plaintiffs in the Amended Complaint—does not apply to the arbitration agreement here and instead the Federal Arbitration Act applies. Alternatively, Western Sizzlin seeks to strike the Amended Complaint as procedurally deficient because it does not comply the Federal Arbitration Act, which requires a challenge to an arbitration award to be brought by a motion rather than by a complaint. Finally, as another alternative, Western Sizzlin asks that if the Court opts to treat the Amended Complaint as a motion to vacate the arbitration award, then Jebailey and Woodfire should be required to supplement the motion with a supporting memorandum and evidence. In their response, Plaintiffs maintain that the Florida Arbitration Code governs, and they state that if the Court chooses to treat the Amended Complaint as a motion to vacate, they will file a memorandum of law in support of their request to vacate the arbitration award.

Having considered the parties' filings, the Court concludes that neither dismissal nor striking of Plaintiffs' Amended Complaint is warranted. However, as proposed by the parties, Plaintiffs will be ordered to file a supporting memorandum and evidence.

The parties dispute whether the Florida Arbitration Code or the Federal Arbitration

Act governs here, but both acts provide that relief shall be sought by a motion. § 682.17, Fla. Stat. (2010)[5] ("Except as otherwise provided, an application to the court under this law shall be by motion and shall be heard in the manner and upon the notice provided by law or rule of court for the making and hearing of motions."); 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided."). In O.R. Securities, Inc. v. Professional Planning Assocs., Inc., 857 F.2d 742, 745 (11th Cir. 1988), the Eleventh Circuit explained in the Federal Arbitration Act context that "the manner in which an action to vacate an arbitration award is made is obviously important, for the nature of the proceeding affects the burdens of the various parties as well as the rule of decision to be applied by the district court." Nevertheless, "'an erroneous nomenclature does not prevent the court from recognizing the true nature of a motion.'" Id. at 746 (quoting Sacks v. Reynolds Sec., Inc., 593 F.2d 1234, 1239 (D.C. Cir. 1978)). Plaintiffs' Amended Complaint will be treated as a motion to vacate, and the parties shall make additional submissions to the Court accordingly.

In the supplemental filings ordered below, the parties shall address, at minimum: whether the Florida Arbitration Code or the Federal Arbitration Act governs; what difference it makes which of these acts applies; the merits of Plaintiffs' motion to vacate; whether the declaratory relief requested in Plaintiffs' initial Complaint is now subsumed within the issues raised in the motion to vacate; and whether the Court's Case Management and Scheduling Order (Doc. 15) should be vacated and the case resolved on the parties' papers regarding

---

[5] Western Sizzlin notes that the Florida Arbitration Code has been amended effective July 1, 2013, but that the newer version does not apply to the July 2011 franchise agreement at issue here. (See Doc. 45 at 6 n.4).

the motion to vacate.

## III. Conclusion

In accordance with the foregoing, it is **ORDERED** as follows:

1. The Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or Alternatively to Strike Amended Complaint for Failure to Comply with Local Rule 3.01 (Doc. 45) filed by Defendant is **GRANTED in part** and **DENIED in part**. The motion is **granted** to the extent it asks that the Court require Plaintiffs to file a supporting memorandum and evidence in support of their request to vacate the arbitration award. The motion is otherwise **denied**.

2. The Court construes the Amended Complaint (Doc. 37) as a motion to vacate arbitration award. **No later than Friday, October 28, 2016**, Plaintiffs may supplement their motion with a memorandum of law and supporting evidence. Defendants shall respond **within twenty-one days** of Plaintiffs' filing. Plaintiffs may file a reply memorandum of **seven pages or fewer** within **ten days** of Defendant's filing.

3. All deadlines in the Case Management and Scheduling Order (Doc. 15) are **suspended** pending further Order of this Court.

**DONE** and **ORDERED** in Orlando, Florida, on September 29, 2016.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record